TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiffs,
Anthony Cali, *on behalf of himself and all others similarly situated*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Anthony Cali, *on behalf of himself and all others similarly situated* <br><br> Plaintiff, <br><br> vs. <br><br> Samsung Electronics America, Inc., <br><br> Defendant. | **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

**INTRODUCTION**

1.     Plaintiff, Anthony Cali ("Plaintiff"), brings this putative class action, on behalf of himself, and a putative class of an estimated millions of consumers against Samsung Electronics America, Inc. ("Samsung," or "Defendant").

2.     This putative class action is based on Samsung's misrepresentations of televisions that were warranted and marketed as "energy efficient" and "Energy Star" certified, when in fact Samsung has engaged in deceptive practices of deploying software that automatically disables energy-saving features whenever any picture settings are changed, without the knowledge of the consumer.

3.     Samsung was founded by Lee Byung-chul in 1938 as a trading company. In the late 1960s, Samsung entered the electronics industry.  Since then, the company has increasingly globalized its electronics sales, which has been an important source of revenue.  As of 2012, Samsung Electronics was recognized as the world's largest information technology company, and fourth in market value.[1]

4.     Essential to the growth of Samsung Electronics, Inc. has been its sales in North America.  Indeed, in October of 2015, Samsung set a new record for TV sales, earning over $1 billion in North America.[2]

5.     ENERGY STAR is a U.S. Environmental Protection Agency ("EPA") voluntary program that helps businesses and individuals save money and protect the climate through superior energy efficiency.

6.     In 1992, the EPA introduced ENERGY STAR as a voluntary labeling program designed to identify and promote energy-efficient products to reduce greenhouse gas emissions.  The ENERGY STAR label is now on major appliances, office equipment, lighting, new homes, and electronics.[3]

---

[1] http://www.economist.com/news/briefing/21565617-bangladesh-has-dysfunctional-politics-and-stunted-private-sector-yet-it-has-been-surprisingly

[2] http://www.theverge.com/2015/11/19/9760162/samsung-tv-sales-record-north-america.

[3] https://www.energystar.gov/products/electronics/televisions.

1

7.     The ENERGY STAR label is attractive to consumers.  ENERGY STAR certified televisions are, on average, 25 percent more energy efficient than conventional models, saving energy in all usage modes: sleep, idle, and on.  The label can be found on everything from standard TVs to large screen TVs with the latest features like ultra high-definition ("UHD").  A home equipped with TVs, a Blue-Ray player, a compact audio system, a cordless telephone, and a home-theatre-in-a-box that have earned the ENERGY STAR can save nearly $200 over the life of the products.[4]

8.     According to its website, all Samsung televisions are ENERGY STAR compliant.[5]

9.     In 2015, the National Resource Defense Counsel ("NRDC") and Ecos Research "Ecos" conducted comprehensive laboratory testing of selected televisions, as well as additional in-store testing to observe the persistence of key energy-saving features.

10.    According to its September 2016 report, some of the leading television manufacturers, including Samsung, "have designed their TVs to disable energy-saving features whenever users change the main picture setting."[6]

11.    Samsung has profited immensely from the selling its televisions as energy efficient through ENERGY STAR labeling, having earned over billions of dollars for units sold in North America alone.

## JURISDICTION AND VENUE

12.    This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d)(2) as the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class

---

[4] *Id.*

[5] http://www.samsung.com/us/support/answer/ANS00041247/

[6] https://www.nrdc.org/sites/default/files/costs-manufacturers-exploiting-loopholes-tv-energy-test-report.pdf.

COMPLAINT FOR DAMAGES

1    action in which a member of the class of plaintiffs is a citizen of a State different from

2    any defendant.

3        13.    Additionally, this Court has supplemental jurisdiction over Plaintiff's

4    common law claims pursuant to 28 U.S.C. § 1391, because said claims derive from a

5    common nucleus of operative facts.

6        14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391, as

7    Samsung: (1) is authorized to conduct business in this District, (2) has intentionally

8    availed itself to the laws and markets within this District through the promotion,

9    marketing, distribution, and sale of its products in this District, and (3) presently does

10   substantial business in this District.  Further, Samsung Electronics America has a

11   business address located in Irvine, CA, located is in this District.[7]

12                               **PARTIES**

13       15.    At all relevant times, Plaintiff was a resident of East Setauket, New York,

14   and a citizen of the state of New York.

15       16.    Plaintiff on behalf of himself, and the putative National class, and

16   California sub-class, brings this class action lawsuit against Samsung.

17       17.    Defendant Samsung is a New Jersey corporation with its headquarters in

18   Ridgefield Park, New Jersey.

19                          **FACTUAL ALLEGATIONS**

20       18.    In or around January of 2016 Plaintiff purchased a 40-inch Samsung

21   television, model # UN40J6200.

22       19.    The television was labeled ENERGY STAR certified on the box and

23   through representations made on Samsung's website.[8]

24       20.    After completing the installation instructions, Plaintiff made changes to

25   the television's aspect ratio, contrast, and increased its brightness; prior to making the

26   _____

27   [7] http://www.samsung.com/ContactUs/ElectronicsAmerica/index.htm
     [8] http://www.samsung.com/us/televisions-home-theater/tvs/full-hd-tvs/led-j6200-
28   series-smart-tv-40-class-40-0-diag-un40j6200afxza/.

                                    3

changes, Plaintiff was not warned that the changes would reduce energy efficiency, causing him to incur additional charges on his electricity bill.

21.     Samsung televisions sold in 2015 and 2016 were tested by the U.S. Department of Energy ("DOE") to measure TV energy use.

22.     The DOE requires that energy use of new TV models be tested while playing a 10-minute video of assorted content developed by the International Electrotechnical Commission (IEC) standards organization and meant to represent typical viewing.  The testing is conducted with the default settings.[9]

23.     The results of the testing allow consumers to compare the TV's energy use against the energy use of similar-size models before purchase.[10]

24.     The test conducted by the DOE consisted of a 10-minute video loop used for measuring and reporting average TV power and was a collection of unusually short scenes that is not representative of most real-world content.[11]

25.     The DOE test does not account for the extra energy used as a result of the increased brightness of the television screen.[12]

26.     In 2015, the NRDC and Ecos conducted comprehensive laboratory testing of select Samsung televisions; the results showed that Samsung designed its TVs to disable energy-saving features whenever users change the main picture setting.[13]

27.     For example, Samsung televisions disable key energy-saving features when the user changes the default picture setting (e.g., from Normal to Cinema, Sports, or Vivid).[14]

---

[9] https://www.nrdc.org/sites/default/files/costs-manufacturers-exploiting-loopholes-tv-energy-test-report.pdf.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

COMPLAINT FOR DAMAGES

28.    A few seemingly harmless clicks, without warning, can as much as double the cost to operate a TV over its 10-year lifetime, costing owners an extra $100 to $200 in energy bills.[15]

29.    Almost all Samsung televisions are equipped with a motion-detection dimming ("MDD") feature, which dims or briefly turns off the screen's backlight when the content on display has rapid motion and frequency scene changes, which is common in commercials and music videos.[16]

30.    The NRDC and Ecos test results showed that the clip developed by the IEC and used by the DOE contained much shorter scenes and more frequent cuts between them than typical real-world content from sports, dramas, and news programs; simply put, this feature saved more energy during the official government testing than it does when consumers view programming most people typically watch.[17]

31.    With regard to Samsung televisions, the NRDC report found that:

"A simple change to the contrast or brightness settings on many Samsung TVs disabled MDD and changes to the backlight setting disabled both the MDD and ABC. The user is not informed by any type of screen warning when this occurs. This was the most extreme software design we encountered; no other manufacture went this far to disable energy-saving features. Samsung has since told us it is discontinuing this particular practice."[18]

32.    The NRDC report questioned the intentions of Samsung and its competitors, stating "it's conceivable that some manufacturers might be exploiting the abnormally high frequency of scene changes in the IEC test clip to maximize the

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*

5

COMPLAINT FOR DAMAGES

1  effect of MDD and obtain a better energy efficiency score, thereby gaining a
2  competitive advantage."[19]

3      33.    Additionally, the NRDC report found that playing movies in high
4  dynamic range ("HDR") is likely to significantly increase future TV energy use, and
5  that "TV energy use increased by approximately 30 percent to 50 percent while
6  playing the ultra high definition ("UHD") + HDR version of a movie compared with
7  the one produced in UHD.[20]

8      34.    In conclusion, the NRDC recommended that "certain manufactures
9  should discontinue their inappropriate practice of deploying software that
10 automatically disables energy-saving features – mostly without consumer knowledge
11 – whenever certain picture settings are changed."[21]

12     35.    Samsung engaged in a deceptive practice of automatically disabling
13 energy saving features without warning to Plaintiff when changes were made to the
14 television's default settings, thereby causing Plaintiff to incur additional costs on his
15 electricity bill.

16     36.    Samsung fraudulently induced Plaintiff to purchase a television through
17 its marketing ploy of labeling its television "ENERGY STAR certified," when in fact
18 ordinary changes to the television's default settings doubled the energy usage of the
19 television.

20     37.    Samsung failed to disclose to Plaintiff at the time of sale that it had
21 installed a defeat device in the subject television, which reduces the energy efficiency
22 of the television.

23

24

25

26 _____
27 [19] *Id.*
   [20] *Id.*
28 [21] *Id.*

6

38.     Notably, the NRDC met with Samsung to discuss its findings, and the company said it is considering changing its TV software to increase the persistence of energy-saving features.[22]

## CLASS ACTION ALLEGATIONS

**A. The Class**

39.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

40.     Plaintiff represents, and is a member of the following putative class (the "Class"):

> **All persons within the United States who purchased a 2015 or 2016 ENERGY STAR certified Samsung television, with a screen size of 32 inches or greater.**

41.     The definition of the putative class is narrowly tailored so as to include only identifiable members who purchased a Samsung model television within the past two years, with a screen greater than 32 inches.

**B. Numerosity**

42.     The proposed class is so numerous that the individual joinder of all its members, in this or any action, is impracticable.  The exact number or identification of the members of the putative class is presently unknown to Plaintiff, but it is believed to include over 1,000,000 consumers worldwide, thereby making joinder impractical.

43.     The exact number and identities of the Class members are unknown at this time, and can only be ascertained through discovery.  Identification of Class members is a matter capable of ministerial determination from Defendant's records.

---

[22] *Id.*

COMPLAINT FOR DAMAGES

## C.  Common Issues of Law and Fact

44.    There are questions of law and fact common to all Class Members that predominate over any questions affecting only individual members.  These questions include, but are not limited to:

> a.  Whether Samsung installed a "defeat device" causing changes to the television's default settings to increase energy usage;
>
> b.  Whether Samsung owed a duty to notify consumers that changes to the television's default settings would increase energy usage;
>
> c.  Whether Samsung deliberately designed its televisions to draw less power during government testing than in ordinary use;
>
> d.  Whether Samsung misrepresented their televisions as energy efficient;
>
> e.  Whether Samsung failed to warn consumers that playing movies produced in HDR on a HDR capable TV would significantly increase energy use;
>
> f.  Whether Samsung televisions were improperly given an ENERGY STAR certification.

45.    The common questions in this case are capable of having common answers.  If Plaintiff's claim that Samsung willfully or negligently, in breach of contract and applicable state or federal law, misrepresented the energy usage of their televisions, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case. Plaintiff is asserting the same rights, making the same claims, and seeking the same relief for himself and all other putative class members.

## D.  Typicality

46.    Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

COMPLAINT FOR DAMAGES

**E.  Protecting the Interest of Class Members**

47.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel has an interest which might cause them not to vigorously pursue this action.

**F. Proceeding via Class Action is Superior and Advisable**

48.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

49.     Management of this class action is unlikely to present any difficulties.

50.     The prosecution of separate actions by individual members of the Class would create a foreseeable risk of inconsistent and varying adjudications, leading to differentiating results and standards for Defendant.

## COUNT I

### For Breach of Express Warranties

51.     Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

52.     In connection with the sale of the subject televisions, Samsung expressly warranted that, among other things:

        a. The subject televisions were ENERGY STAR certified

        b. Plaintiff and Class Members would enjoy a crystal-clear picture while saving energy with technology that intelligently adapts the screen's brightness to the intensity of the light in the room.

53.     Samsung breached these express warranties in that the subject televisions were equipped with installed software, which caused changes to the televisions'

COMPLAINT FOR DAMAGES

1  default settings to increase energy consumption, without notice or warning to Plaintiff
2  and Class Members.

3      54.    Samsung breached these express warranties in that common, ordinary
4  changes to the televisions' brightness, contrast, and picture settings increase energy
5  usage, causing Plaintiff and Class Members to incur increased cots on their electricity
6  bills.

7      55.    As a result of said software, Plaintiff and Class Members cannot
8  reasonably rely on the subject televisions' labels as ENERGY STAR certified for their
9  ordinary, everyday use.

10     56.    As a result of breach of express warranties, Plaintiff and Class Members
11 have been damaged.

12                                **COUNT II**
13            **For Violations of California's Unfair Competition Law,**
14              **Cal. Bus. & Prof. Code § 17200 _et seq._**

15
16     57.    Plaintiff, individually, and on behalf of all others similarly situated,
17 repeats and re-alleges the above paragraphs of this Complaint and incorporates them
18 herein by reference.

19     58.    Samsung violated California's Unfair Competition Law,  which prohibits
20 unfair competition including any unlawful, unfair or fraudulent business act or
21 practice and unfair, deceptive, untrue or misleading advertising and any act prohibited
22 by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the
23 Business and Professions Code.[23]

24     59.    Samsung's actions were consumer-oriented, in a manner that was
25 misleading in a material way to Plaintiff and the putative class, and Plaintiff and the
26 putative class suffered injury as a result of LG's deceptive act.

27
---
28 [23] Cal. Bus. & Prof. Code § 17200, _et seq._

60.     Samsung violated California's Unfair Competition Law by representing its televisions as ENERGY STAR certified, while selling them with pre-installed software, causing changes made to a television's settings to reduce the energy efficiency of the television, thereby causing Plaintiff and Class Members to incur additional electricity costs.

61.     Samsung violated California's Unfair Competition Law by representing its televisions as ENERGY STAR certified, while intentionally designing its televisions to draw less power during DOE testing, thereby fraudulently representing the true nature of the television's energy usage.

62.     Samsung violated California's Unfair Competition Law by representing its televisions as ENERGY STAR certified, without notifying Plaintiff and Class members that changes made to the televisions default settings greatly increase energy usage, thereby causing Plaintiff and Class Members to incur additional electricity costs.

63.     Samsung violated California's Unfair Competition Law by representing its televisions as ENERGY STAR certified, without notifying Class members that viewing movies produced in HDR on a HDR-capable TV would increase energy usage, thereby causing Plaintiff and Class Members to incur additional electricity costs.

64.     As a result of Samsung's misrepresentations, Plaintiff and Class Members have suffered damages.

## COUNT III

### For Breach of Contract

65.     Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

11

66.     Every purchase of a subject television from an authorized dealer of Samsung constitutes a contract between Samsung and the purchaser.

67.     Samsung materially breached these contracts by selling to Plaintiff and Class Members non-compliant, non-energy efficient televisions and failing to disclose the pre-installed software designed to reduce the energy efficiency of subject televisions when changes to default settings are made.  As a result, said televisions are substantially less valuable than televisions that Samsung advertised and promised to deliver to Plaintiffs and Class Members.

68.     Samsung's misrepresentations and omissions contained in the body of this Complaint, including Samsung's misrepresentation of the energy efficient capability of its subject televisions, caused Plaintiff and Class Members to enter into their agreements to purchase the subject televisions.  Absent those misrepresentations and omissions, Plaintiff and Class Members would not have purchased their televisions, would not have purchased their televisions at the price they paid, and/or would have purchased alternative televisions that did not contain pre-installed software designed to increase the energy output of the televisions.  Accordingly, Plaintiff and Class Members suffered injury, as they overpaid for their subject televisions and did not receive the benefit of their bargain.

69.     As a direct and proximate result of Samsung's breach, Plaintiff and Class Members have been damaged.

## COUNT IV
### For Unjust Enrichment

70.     Plaintiff, individually, and on behalf of all other similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

71.     Samsung has benefited from selling non-energy efficient, otherwise labeled ENERGY STAR certified, televisions whose value was artificially inflated

12

COMPLAINT FOR DAMAGES

due to Samsung's concealment of the pre-installed software designed to alter key energy-saving features, for an unjust profit.

72.   Samsung has received and retained unjust benefits from Plaintiff and Class Members, and inequity has resulted.

73.   It is inequitable and unconscionable for Samsung to retain these benefits.

74.   Because Samsung concealed its fraud and deception, Plaintiff and Class Members were not aware of the true specifications (i.e., energy usage) concerning the subject televisions and did not benefit from Samsung's misconduct.

75.   Samsung knowingly accepted the unjust benefits of its fraudulent conduct.

76.   As a result of Samsung's fraud, misconduct, and concealment, the amount of its unjust enrichment should be disgorged and returned to Plaintiff and Class Members, at an amount to be proven at trial.

## COUNT V

### For Breach of Obligation of Good Faith and Fair Dealing

77.   Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

78.   Samsung breached its obligation of good faith and fair dealing by intentionally designing subject televisions to draw less power during DOE testing, thereby fraudulently representing the true nature of the television's energy usage, leading to improper ENERGY STAR certification.

## COUNT VI

### For Fraudulent Inducement

79.   Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

13

80.　To induce Plaintiff and Class Members to purchase the subject televisions, Samsung made representations as to the subject television's energy saving capabilities.

81.　Among the representations Samsung made to Plaintiff and Class Members was that they could "enjoy a crystal-clear picture while saving energy with technology that intelligently adapts the screen's brightness to the intensity of the light in the room.

82.　Moreover, Samsung represented the subject televisions as ENERGY STAR certified, without warning Plaintiff and Class Members that changes to the television's default settings would affect the nature of the subject TVs energy saving capabilities.

83.　Thereafter, Plaintiff and Class Members discovered that, unbeknownst to them, Samsung fraudulently installed software in each subject television, which altered the subject television's actual level of energy usage.

84.　As a result of Samsung's fraudulent inducement, Plaintiff and Class Members have been injured.

## COUNT VII
## For Fraudulent Misrepresentation

85.　Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

86.　Samsung fraudulently represented the subject televisions as energy saving, when ordinary changes to the subject TVs default settings made by everyday users increased the energy production of the televisions.

87.　Incredibly, Samsung represented the subject televisions as ENERGY STAR certified, without representing that changes made to the television's default settings would affect the nature of the subject TVs energy saving capabilities.

14

COMPLAINT FOR DAMAGES

88.     Likewise, Samsung represented the subject televisions as ENERGY STAR certified, and energy efficient, where viewing movies produced in HDR on a HDR-capable television would actually increase energy usage, thereby increasing costs of electricity for Plaintiff and Class Members.

89.     All acts of Samsung complained of herein were committed with malice, intent, wantonness, and recklessness, and overall were egregious in nature, and as such, Plaintiff and Class Members are entitled to punitive damages.

## COUNT VIII

### For Common Law Fraud

90.     Plaintiff, individually, and on behalf of all others similarly situated, repeats and re-alleges the above paragraphs of this Complaint and incorporates them herein by reference.

91.     As detailed at length above, Samsung intentionally concealed and suppressed material facts concerning the energy usage of the subject televisions in order to defraud and mislead Plaintiff and Class Members about the true extent of the subject televisions' energy consumption.

92.     Samsung accomplished its scheme to defraud, and concealment thereof, by installing software capable of changing the energy usage of the subject televisions when consumers changed default settings on their televisions, without warning.

93.     Ordinary usage and common changes made to the subject televisions' default settings increased energy usage, causing Plaintiff and Class Members to incur increased electricity costs, without their knowledge, all the while believing they purchased an energy efficient television.

94.     Moreover, Samsung represented the subject televisions as ENERGY STAR certified, and energy efficient, where viewing movies produced in HDR on a HDR-capable television would actually increase energy usage, thereby increasing costs of electricity for Plaintiff and Class Members.

COMPLAINT FOR DAMAGES

1    95.    As a result of Samsung's scheme to defraud, and concealment thereof,

2   Plaintiff and Class Members suffered damages.

3                              **<u>PRAYER FOR RELIEF</u>**

4        WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the

5   following relief against Defendant as follows:

6        1.  For an order certifying this action and/or common issues raised herein as a

7            Class Action under the appropriate Federal Rule of Civil Procedure 23(a),

8            23(b), and 23(c); further designating Class Representatives, appointing the

9            undersigned as class counsel;

10       2.  Notice of class certification and of any relief to be published to all Class

11           Members, and for such other notices deemed appropriate by this Court

12           under Fed R. Civ. P. 23(d)(s) ;

13       3.  An order forbidding Samsung from destroying or removing any computer

14           or similar records with evidence related to Samsung's sales records, or this

15           action;

16       4.  An order requiring complete and immediate disclosure of all studies,

17           reports, analyses, data, compilations, and other similar information within

18           the possession, custody, or control of Samsung, concerning, relating to, or

19           involving energy usage of subject televisions;

20       5.  An order preventing Samsung from attempting, by any means, on its own

21           or through its agents, to persuade any putative Class Members to sign any

22           documents which in any way release any of the claims of any Putative

23           Class Members;

24       6.  An award of statutory damages;

25       7.  Awarding punitive damages as allowed by law, in an amount to be proven

26           at trial;

27       8.  An award of compensatory damages in an amount to be determined for all

28           injuries and damages contained herein;

                                         16

9. For an award of restitution and disgorgement of Samsung's revenues to Plaintiff and the proposed Class Members;

10. Declaratory and Injunctive relief as permitted by law or equity, including enjoining Samsung from continuing the unlawful practices discussed herein, and directing Samsung to identify, with Court supervision, victims of its conduct and pay them, restitution and disgorgement of all monies acquired by Samsung by means of any act or practice declared by the Court to be wrongful;

11. Ordering Samsung to engage in a corrective advertising campaign;

12. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

13. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 15, 2016

Respectfully Submitted,

By:    */s/ Trinette G. Kent*
       Trinette G. Kent, Esq.
       LEMBERG LAW, LLC
       43 Danbury Road
       Wilton, CT 06897
       Telephone: (203) 653-2250
       Facsimile:  (203) 653-3424
       *Attorneys for Plaintiffs*

17

COMPLAINT FOR DAMAGES